1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11   JOSEPH BECKER,                )   Civil No. 07cv1571-RBB
                                    )
12              Plaintiff,          )   **ORDER GRANTING IN PART AND**
                                    )   **DENYING IN PART MOTION TO**
13   v.                             )   **DISMISS [DOC. NO. 15]**
                                    )
14   P. COWAN, Chief Deputy Warden; )
     ALVAREZ, Correctional          )
15   Counselor,                     )
                                    )
16              Defendants.         )
     ───────────────────────────────)
17

18        Plaintiff Joseph Becker, a state inmate proceeding pro se and

19   in forma pauperis, filed a Complaint [doc. no. 1] on August 8,

20   2007, pursuant to 42 U.S.C. § 1983.  Plaintiff later submitted an

21   additional exhibit to his Complaint, which was filed nunc pro tunc

22   to September 11, 2007 [doc. nos. 7, 8].  Becker's Complaint alleges

23   that on August 1, 2007, Defendant P. Cowan approved a

24   recommendation to transfer Plaintiff from Richard J. Donovan state

25   prison to another prison facility.  (Compl. 3.)  Becker further

26   asserts that he has many inmate enemies which place him at risk of

27   being harmed.  (Id.)  Knowing of this risk, however, Defendants

28   failed to document the names of Plaintiff's known enemies in his

1

07cv1571 RBB

central file, and also failed to integrate names of enemies from his former central file into his current file. (<u>Id.</u> at 3-3b.) Becker asserts that Defendants have violated their duties by failing to identify and locate each of Plaintiff's enemies before approving his transfer to another prison. (<u>Id.</u>)  His Complaint seeks an injunction preventing his transfer until all of his inmate enemies are listed in his central file, including enemies listed in his central file from a prior period of incarceration. (<u>Id.</u> at 7.) He also requests punitive damages and costs of suit.[1]  (<u>Id.</u>)

Before the Court is Defendants' Motion to Dismiss Complaint [doc. no. 15], which was filed on November 5, 2007.  The Motion was accompanied by a Memorandum of Points and Authorities, the Declaration of Custodian of Records R. Cobb, and a Request for Judicial Notice with Exhibits A through C.  Defendants move to dismiss the Complaint on three grounds:  (1) Defendants are immune from liability for damages for actions taken in their official capacities; (2) Plaintiff fails to state a claim under the Fourteenth Amendment because his claim should be analyzed under the Eighth Amendment; and (3) Becker fails to plead facts that would entitle him to relief under the Eighth Amendment. (Defs.' Mot. to Dismiss 1.)  Plaintiff's Opposition to Defendants' Motion to Dismiss Complaint [doc. no. 19] was filed <u>nunc pro tunc</u> to November 26, 2007.

For the reasons discussed below, Defendants' Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**.

_____

[1] Although this case was originally assigned to Judge Whelan, the parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  (<u>See</u> Compl. 7; Order of Reference [doc. no. 16] 1.)  Accordingly, on November 13, 2007, the case was reassigned to this Court for all further proceedings.  (Order of Reference 1.)

07cv1571 RBB

# I. BACKGROUND

Plaintiff is currently incarcerated at the Richard J. Donovan Correctional Facility ("Donovan") in San Diego, California. (See Compl. 3.) Becker arrived at Donovan on October 12, 2006. (Defs.' Req. for Judicial Notice Supp. Mot. to Dismiss Ex. C at 1.) During his reception processing, he was concerned for his safety in the general population. (Compl. 3a.) Accordingly, Becker was placed in the Administrative Segregation Unit. (Id.) His placement in administrative segregation was reviewed several times after the initial placement, and each classification decision was to keep Plaintiff in administrative segregation due to concerns that he would be harmed in the general population because he had enemies in the facility. (Id.)

Becker alleges that Defendant Alvarez completed Plaintiff's processing when he was received at Donovan. (Id.) He contends that Alvarez failed to list his inmate enemies in his central file, although she had a legal duty to do so. (Id.) He further alleges that Defendant Alvarez recommended that Becker be transferred from Donovan to Sierra Conservation Center, but she made the recommendation without first determining whether his enemies are currently housed there. (Id.) Further, Plaintiff contends Alvarez "is fully aware" that he has a separate central file from a previous period of incarceration within the California Department of Corrections ("CDC") which lists several inmate enemies, yet the Defendant failed to integrate those inmates' names into Becker's current central file. (Id. at 3a-3b.) His former central file contains the names of confidential enemies from 1998 when he was sexually assaulted at Salinas Valley State Prison, whose names are

1  unknown to Plaintiff.  (Id. at 3b.)  "[T]hose inmate aggressors
2  could be most anywhere in the system including the intended arrival
3  destination where Defendant Alvarez processed and approved
4  Plaintiff's transfer to."  (Id.)

5  　　Plaintiff submitted an Inmate/Parolee Appeal Form (commonly
6  known as a "602 form") on January 10, 2007, requesting that the
7  information about inmate enemies from his former central file be
8  integrated into his current file.  (Defs.' Req. for Judicial Notice
9  Supp. Mot. to Dismiss Ex. A at 1.)  Informal review of the appeal
10 was bypassed, and it was forwarded directly for a response at the
11 first formal level.  (Id. at 1-2.)  The 602 was granted in part at
12 the first level.  (Id. at 2.)  Becker was informed that the archive
13 file for his previous CDC number was ordered, and as soon as it was
14 received at Donovan, the information would be merged into his
15 current file.  (Id.)

16 　　Plaintiff appealed the response, complaining that he never
17 received an interview regarding his 602 and stating that his
18 concerns were particularly serious because he was classified as
19 "Sensitive Needs Yard," as were some of his enemies.  (Id.)  Becker
20 was then interviewed by J. T. Stovall on April 5, 2007.  (Id.
21 Attach. Mem. of Apr. 19, 2007, at 1.)  He again asserted that the
22 classification staff had not made any efforts to update his central
23 file with enemy information from his previous file.  (Id.)

24 　　Plaintiff's appeal was partially granted at the second formal
25 level.  (Id. at 6.)  As of April 19, 2007, when the appeal response
26 was given, the prison had not yet received Becker's previous file
27 from the archives.  (Id.)  He was informed that as soon as the file
28 was received, all listed enemies would be included in his current

4

central file.  (<u>Id.</u>)  Plaintiff appealed to the director's level of
review [doc. no. 8, Ex. H].  The appeal was denied on August 7,
2007, because Becker had received an adequate response at the
second level of review.  (<u>Id.</u> at 1.)

Plaintiff's previous central file was received at Donovan and
reviewed by Defendant Alvarez on September 21, 2007.  (Defs.'
Request for Judicial Notice Ex. B at 1.)  Incidents of violence
involving Becker were reviewed and listed on an "Archive File
Review" form.  (<u>Id.</u> at 1-2.)

## II.   LEGAL STANDARDS APPLICABLE TO DEFENDANTS' MOTION TO DISMISS

## A.   Rule 12(b)(6) Motions to Dismiss

A motion to dismiss for failure to state a claim pursuant to
Federal Rule of Civil Procedure 12(b)(6) tests the legal
sufficiency of the claims in the complaint.  <u>Davis v. Monroe County
Bd. of Educ.</u>, 526 U.S. 629, 633 (1999).  The plaintiff must allege
"enough facts to state a claim to relief that is plausible on its
face."  <u>Bell Atlantic Corp. v. Twombly</u>, __ U.S. __, 127 S. Ct.
1955, 1974 (2007).  The Court must accept as true all material
allegations in the complaint, as well as reasonable inferences to
be drawn from them, and must construe the complaint in the light
most favorable to the plaintiff.  <u>Cholla Ready Mix, Inc. v. Civish</u>,
382 F.3d 969, 973 (9th Cir. 2004) (citing <u>Karam v. City of Burbank</u>,
352 F.3d 1188, 1192 (9th Cir. 2003)); <u>Parks Sch. of Bus., Inc. v.
Symington</u>, 51 F.3d 1480, 1484 (9th Cir. 1995); <u>N.L. Indus., Inc. v.
Kaplan</u>, 792 F.2d 896, 898 (9th Cir. 1986).

The question is not whether the plaintiff will "ultimately
prevail but whether the claimant is entitled to offer evidence to
support the claims."  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

07cv1571 RBB

1   A dismissal under Rule 12(b)(6) is generally proper only where

2   there "is no cognizable legal theory or an absence of sufficient

3   facts alleged to support a cognizable legal theory." <u>Navarro v.</u>

4   <u>Block</u>, 250 F.3d 729, 732 (9th Cir. 2001); <u>Balistreri v. Pacifica</u>

5   <u>Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988).

6       The Court need not accept conclusory allegations in the

7   complaint as true; rather, it must "examine whether [they] follow

8   from the description of facts as alleged by the plaintiff." <u>Holden</u>

9   <u>v. Hagopian</u>, 978 F.2d 1115, 1121 (9th Cir. 1992) (citation

10  omitted); <u>Halkin v. VeriFone, Inc.</u>, 11 F.3d 865, 868 (9th Cir.

11  1993); <u>see also</u> <u>Cholla Ready Mix</u>, 382 F.3d at 973 (citing <u>Clegg v.</u>

12  <u>Cult Awareness Network</u>, 18 F.3d 752, 754-55 (9th Cir. 1994))

13  (stating that on Rule 12(b)(6) motion, a court "is not required to

14  accept legal conclusions cast in the form of factual allegations if

15  those conclusions cannot reasonably be drawn from the facts

16  alleged[]"). "Nor is the court required to accept as true

17  allegations that are merely conclusory, unwarranted deductions of

18  fact, or unreasonable inferences." <u>Sprewell v. Golden State</u>

19  <u>Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001).

20      In addition, when resolving a motion to dismiss for failure to

21  state a claim, the Court may not generally consider materials

22  outside the pleadings. <u>Schneider v. Cal. Dep't of Corr.</u>, 151 F.3d

23  1194, 1197 n.1 (9th Cir. 1998); <u>Jacobellis v. State Farm Fire &</u>

24  <u>Cas. Co.</u>, 120 F.3d 171, 172 (9th Cir. 1997); <u>Allarcom Pay</u>

25  <u>Television Ltd. v. Gen. Instrument Corp.</u>, 69 F.3d 381, 385 (9th

26  Cir. 1995). "The focus of any Rule 12(b)(6) dismissal . . . is the

27  complaint." <u>Schneider</u>, 151 F.3d at 1197 n.1. This precludes

28  consideration of "new" allegations that may be raised in a

plaintiff's opposition to a motion to dismiss brought pursuant to Rule 12(b)(6).  Id. (citing Harrell v. United States, 13 F.3d 232, 236 (7th Cir. 1993); 2 James Wm. Moore et al., Moore's Federal Practice § 12.34[2], at 12-90 (3d ed. 2007) ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).").

But "[w]hen a plaintiff has attached various exhibits to the complaint, those exhibits may be considered in determining whether dismissal [i]s proper . . . ." Parks Sch. of Bus., 51 F.3d at 1484 (citing Cooper v. Bell, 628 F.2d 1208, 1210 n.2 (9th Cir. 1980)). The Court may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002); Stone v. Writer's Guild of Am. W., Inc., 101 F.3d 1312, 1313-14 (9th Cir. 1996).

These Rule 12(b)(6) guidelines apply to Defendants' Motion to Dismiss.

**B.    Standards Applicable to Pro Se Litigants**

Where a plaintiff appears in propria persona in a civil rights case, the Court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).  The rule of liberal construction is "particularly important in civil rights cases." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights

complaint, however, the Court may not "supply essential elements of claims that were not initially pled."  Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss."  Id.; see also Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984) (finding conclusory allegations unsupported by facts insufficient to state a claim under § 1983).  "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim."  Jones, 733 F.2d at 649 (internal quotation omitted).

Nevertheless, the Court must give a pro se litigant leave to amend his complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."  Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir. 1987).  Thus, before a pro se civil rights complaint may be dismissed, the Court must provide the plaintiff with a statement of the complaint's deficiencies.  Karim-Panahi, 839 F.2d at 623-24.  Where amendment of a pro se litigant's complaint would be futile, denial of leave to amend is appropriate.  See James v. Giles, 221 F.3d 1074, 1077 (9th Cir. 2000).

**C.**   **Stating a Claim Under 42 U.S.C. § 1983**

To state a claim under § 1983, the plaintiff must allege facts sufficient to show (1) a person acting "under color of state law" committed the conduct at issue, and (2) the conduct deprived the plaintiff of some right, privilege, or immunity protected by the Constitution or laws of the United States.  42 U.S.C.A. § 1983

1  (West 2003); <u>Shah v. County of Los Angeles</u>, 797 F.2d 743, 746 (9th

2  Cir. 1986).

3        **III. MERITS OF DEFENDANTS' MOTION TO DISMISS**

4       Defendants assert that Plaintiff's Complaint should be

5  dismissed for three reasons.  First, all monetary claims against

6  Defendants sued in their official capacities are barred by the

7  Eleventh Amendment.  (Mot. to Dismiss 1.)  Second, Becker does not

8  properly allege a violation of the Fourteenth Amendment.  (<u>Id.</u>)

9  Third, Plaintiff fails to state a claim for violation of the Eighth

10  Amendment.  (<u>Id.</u>)

11  **A.**    **<u>Defendants' Request for Judicial Notice</u>**

12       Defendants request that the Court take judicial notice of

13  three exhibits attached to the Declaration of Custodian of Records

14  R. Cobb filed in support of the Motion to Dismiss:  (1) Becker's

15  602 inmate appeal bearing log number RJD-07-83, with the first and

16  second level responses attached; (2) an Archive File Review

17  chronological notation dated September 21, 2007, from Plaintiff's

18  central file; and (3) a computer printout dated June 7, 2007,

19  showing Becker's movement history within the CDC.  (Defs.' Req. for

20  Judicial Notice Supp. Mot. to Dismiss 1-2.)

21       The Court may take judicial notice of any fact that is "not

22  subject to reasonable dispute in that it is either (1) generally

23  known within the territorial jurisdiction of the trial court or (2)

24  capable of accurate and ready determination by resort to sources

25  whose accuracy cannot reasonably be questioned."  Fed. R. Evid.

26  201(b).  "A court shall take judicial notice if requested by a

27  party and supplied with the necessary information."  Fed. R. Evid.

28  201(d).

Judicial notice may be taken of records of state agencies and other undisputed matters of public record.  <u>Disabled Rights Action Comm. v. Las Vegas Events, Inc.</u>, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (citing <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689 (9th Cir. 2001)).  But the Court should not take judicial notice of agency records when the facts contained in them are subject to reasonable dispute.  <u>Brown</u>, 422 F.3d at 931 n.7 (quoting <u>City of Sausalito v. O'Neill</u>, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004)); <u>Lee</u>, 250 F.3d at 689.  Also, a court should only take judicial notice of facts contained in agency records that bear "sufficient indicia of reliability . . . ."  <u>United States v. Perez-Corona</u>, 295 F.3d 996, 1001 n.4 (9th Cir. 2002).

The Court will take judicial notice of Defendants' Exhibit A, which is a 602 inmate grievance form bearing log number RJD-07-83, with several exhibits attached including the Chief Deputy Warden's April 19, 2007, letter granting the 602 in part at the second level of review.  (Defs.' Req. for Judicial Notice Supp. Mot. to Dismiss Ex. A.)  The fact that this 602 was submitted and partially granted at the second level is not disputed by either party.  Several of the documents attached to the 602 were submitted as Exhibits E, F, and G to Plaintiff's Complaint.  (<u>See</u> Compl. Exs. E, F, G.) Additionally, Becker's Complaint contains a summary of the 602 and its disposition through the first and second levels of review. (Compl. 6-6a.)

The Court also will take judicial notice of the fact that the Archive File Review form submitted as Exhibit B to Defendant's Request for Judicial Notice was completed by Defendant Alvarez on September 21, 2007.  The Archive File Review slip bears Defendant

Alvarez's signature.  (See Defs.' Request for Judicial Notice Supp. Mot. to Dismiss Ex. B at 1.)  Plaintiff does not dispute that the form was created by Alvarez.  He does dispute, however, that factual information contained in the review form is complete and correct.  (Becker Decl. Supp. Opp'n to Mot. to Dismiss 1-2.) Accordingly, the Court takes judicial notice only of the fact that the review form was completed, but not the facts contained in the form.  See Lee, 250 F.3d at 690 (finding it appropriate to take judicial notice of undisputed facts contained in public records, but error to take judicial notice of disputed facts).

The Court will also take judicial notice of Exhibit C, a computer printout showing that as of June 7, 2007, Becker was housed in the administrative segregation unit of Donovan prison. (See Defs.' Req. for Judicial Notice Ex. C.)  Plaintiff does not dispute that he is currently incarcerated at Donovan.

Becker asks the Court to "totally disregard" the Declaration of R. Cobb, the Custodian of Records, which was submitted in support of Defendants' Motion to Dismiss.  (Pl.'s Opp'n 6.)  He claims that the declaration is irrelevant because R. Cobb is not a defendant in this case and does not have control over the decision to transfer Plaintiff to a different prison.  (Id.)  Becker's objection to Cobb's Declaration is OVERRULED.  A declarant does not need to be a defendant in order for the facts contained in his declaration to be relevant.

Cobb's Declaration explains the purpose of a central file and states that a prisoner's central file is transferred with the inmate to the institution housing the prisoner.  (Cobb Decl. Supp. Mot. to Dismiss ¶ 3.)  Cobb declares that the documents contained

07cv1571 RBB

in a central file are prepared by persons with knowledge of the events they describe.  (Id. ¶ 4.)  The Declaration also states that the CDC maintains computer records of a prisoner's movements within the system, and the computer system shows the institution at which an inmate is housed.  (Id. ¶ 2.)  These facts are not irrelevant because they provide a foundation for the exhibits submitted by Defendants.

**B.    Eleventh Amendment Immunity**

The Eleventh Amendment grants the states immunity from private civil suits.  U.S. Const. amend. XI; Henry v. County of Shasta, 132 F.3d 512, 517 (9th Cir. 1997), as amended, 137 F.3d 1372 (9th Cir. 1998).  This immunity applies to civil rights claims brought under § 1983, so an inmate cannot recover damages from the state under § 1983 unless the state waives its immunity.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989).  A federal court only has jurisdiction over a suit against a state when the relief sought is "prospective injunctive relief in order to end a continuing violation of federal law."  Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997) (quoting Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 73 (1996)) (internal quotations omitted).

Eleventh Amendment immunity also extends to state officials sued in their official capacities.  "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."  Will, 491 U.S. at 71 (citing Brandon v. Holt, 469 U.S. 464, 471 (1985)).  "As such, it is no different from a suit against the State itself."  Id. (citing Kentucky v. Graham, 473 U.S. 159, 165-

12

66 (1985); Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 690 n.55 (1978)).

Defendants Cowan and Alvarez were sued in both their official and their individual capacities. (Compl. 2.) Becker's Complaint asks for both prospective injunctive relief and monetary relief. (See Pl.'s Opp'n 2-3; Compl. 7.) He clarifies in his Opposition to the Motion to Dismiss that he seeks injunctive relief from Defendants in their official capacities and monetary damages from them in their individual capacities. (Pl.'s Opp'n 2-3.)

Plaintiff's claims against Defendants in their official capacities constitute claims against the State of California, which is absolutely immune from liability for damages. See Brandon, 469 U.S. at 471. Becker may, however, proceed with his claim for injunctive relief against Defendants in their official capacities. Likewise, Plaintiff's claim for monetary damages is properly alleged against Defendants in their individual capacities. See Kentucky v. Graham, 473 U.S. 159, 166 (1985). Becker's Complaint alleges that each of the Defendants personally took action that put Plaintiff in serious danger -- Defendant Alvarez recommended Becker's transfer from Donovan before integrating enemy information into his central file, and Defendant Cowan approved the transfer recommendation with knowledge that it could lead to Plaintiff being harmed. (Compl. 3-3b.) Accordingly, Defendants' Motion is **GRANTED** to the extent that Plaintiff may only pursue monetary claims against Defendants in their individual capacities, but he may pursue injunctive relief against Defendants as officers of the State of California.

## C.   **Plaintiff's Fourteenth Amendment Claim**

Becker's Complaint purports to state claims under both the Eighth and Fourteenth Amendments.  (Compl. 3.)  Defendants do not discuss procedural due process, but they assert that the Fourteenth Amendment claim must be dismissed because Plaintiff's allegations are properly analyzed under the Eighth Amendment.  (Defs.' Mem. of P. & A. Supp. Mot. to Dismiss 5.)  They claim that the Fourteenth Amendment Due Process Clause is only used to analyze conditions-of-confinement claims for detainees who have not yet been convicted, while the Eighth Amendment is used for convicted prisoners.  (Id.) Becker contends that he properly states a claim under the Fourteenth Amendment for a violation of due process in addition to his Eighth Amendment deliberate indifference claim.  (Pl.'s Opp'n 3-4.)

### 1.   **Substantive Due Process**

"[T]he treatment a prisoner receives and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."  Helling v. McKinney, 509 U.S. 25, 31 (1993).  The Eighth Amendment "requires that inmates be furnished with the basic human needs, one of which is 'reasonable safety.'"  Id. at 33 (quoting Deshaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 200 (1989)).  Claims that Defendants failed to protect Plaintiff from a substantial risk of serious harm at the hands of other inmates are properly analyzed under the Eighth Amendment because Becker is a state inmate incarcerated pursuant to a valid conviction.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Helling, 509 U.S. at 35); Wilson v. Seiter, 501 U.S. 294, 303 (1991); Robinson v. Prunty, 249 F.3d 862, 866 (9th Cir. 2001).

14

While the Eighth Amendment governs claims brought by convicted prisoners, the Due Process Clause governs failure-to-protect claims filed by pretrial detainees and civilly-committed individuals.  See Ingraham v. Wright, 430 U.S. 651, 671 n.40 (1977); Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004) (citing Gary H. v. Hegstrom, 831 F.2d 1430, 1432 (9th Cir. 1987)).  The due process standard is more protective than the Eighth Amendment's deliberate indifference standard.  Jones, 393 F.3d at 931.  The more protective standard applies to pretrial detainees because they have only been accused of crimes but not convicted, so they cannot be subjected to treatment that would "amount to punishment."  Id. at 932 (quoting Bell v. Wolfish, 441 U.S. 520, 536 (1979)).

Plaintiff agrees that his failure-to-protect claim should be analyzed under the Eighth Amendment, but he argues that his allegations should also be analyzed under the Due Process Clause. (Pl.'s Opp'n 3.)  This is foreclosed by Supreme Court precedent. In Graham v. Connor, 490 U.S. 386, 394-95 (1989), the Supreme Court was presented with a § 1983 complaint that purported to raise claims under both the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment based on a police officer's use of excessive and unreasonable force.  The Court found that only the Fourth Amendment claim was properly raised:  "Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims."  Id. at 395; see also United States v. Lanier, 520 U.S. 259, 272 n.7 (1997) ("[I]f a constitutional claim is covered by a

specific constitutional provision, such as the Fourth or Eighth
Amendment, the claim must be analyzed under the standard
appropriate to that specific provision, not under the rubric of
substantive due process.").

Becker has attempted to raise a claim under the Eighth
Amendment and a claim under the Due Process Clause based on the
same conduct by the Defendants.  His Complaint alleges that
Defendants put him in danger by recommending and approving a
transfer out of Donovan without first documenting all of his inmate
enemies in his central file.  (Compl. 3-3b.)  Because the Eighth
Amendment provides an explicit source of protection from the type
of conduct Plaintiff alleges, his claim is properly stated under
the Eighth Amendment rather than as a more general substantive due
process claim.  See Wolff v. Hood, 242 F. Supp. 2d 811, 819 (D. Or.
2002) (finding that plaintiff could not state a substantive due
process claim for prison officials' failure to protect him from
violence by other inmates because that was the sort of government
behavior against which the Eighth Amendment provides explicit
constitutional protection).  To the extent Becker is alleging a
substantive due process claim under the Fourteenth Amendment, the
claim is **DISMISSED**.  The allegations are properly analyzed under
the Eighth Amendment.

> **2.   Procedural Due Process**

From the allegations in his Complaint, it is unclear whether
Becker is attempting to state a procedural due process claim.  He
does allege that Defendant Cowan "approved Plaintiff to be
transferred without documenting any of the enemies in Plaintiff's
file."  (Compl. 3.)  Becker states that Cowan had a duty to

07cv1571 RBB

document Plaintiff's enemies on form CDC 812.  (<u>Id.</u>)  He also
alleges that Defendant Alvarez "completed the Plaintiff's reception
processing and failed to list the inmate enemies in Plaintiff's
central file and recommended Plaintiff be transferred to Sierra
Conservation Center (Jamestown)."  (<u>Id.</u> at 3a.)  Becker appears to
claim that Alvarez made her transfer recommendation without
examining his former central file and listing his enemies on form
CDC 812.  (<u>Id.</u> at 3a-3b.)

   The Defendants argue that Plaintiff's Fourteenth Amendment
claim must be analyzed under the Eighth Amendment, but they do not
discuss whether Becker's allegations are sufficient to allege a
procedural due process claim.  (Mot. to Dismiss 5.)  The Due
Process Clause of the Fourteenth Amendment protects prisoners from
being deprived of life, liberty, or property without due process of
law.  <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974).  To invoke the
Due Process Clause, Becker must establish that one of these
interests is at stake.  <u>Wilkinson v. Austin</u>, 545 U.S. 209, 221
(2005).  If Plaintiff's allegations can give rise to a procedural
due process claim, they must show that Becker was deprived of a
liberty interest.  This liberty interest may arise from the
Constitution or from state laws or policies.  <u>Id.</u>

   The Supreme Court has found that "the Constitution itself does
not give rise to a liberty interest in avoiding transfer to more
adverse conditions of confinement."  <u>Id.</u> at 221-22 (citing <u>Meachum</u>
<u>v. Fano</u>, 427 U.S. 215, 225 (1976)).  A prisoner does not have a
constitutional right to a particular classification status.  <u>Moody</u>
<u>v. Daggett</u>, 429 U.S. 78, 88 n.9 (1976).  But prisoners do have a
liberty interest in not being transferred for involuntary

07cv1571 RBB

psychiatric treatment.  <u>Vitek v. Jones</u>, 445 U.S. 480, 494 (1980).
The Ninth Circuit has found that prisoners have a liberty interest
in not being transferred in retaliation for exercising their First
Amendment rights.  <u>Pratt v. Rowland</u>, 65 F.3d 802, 806 (9th Cir.
1995).  The Supreme Court has acknowledged that prisoners may have
"a liberty interest in avoiding particular conditions of
confinement [which] may arise from state policies or regulations,
subject to the important limitations set forth in <u>Sandin v. Conner</u>,
515 U.S. 472 (1995)." <u>Wilkinson</u>, 545 U.S. at 221-22.  "Under
<u>Sandin</u>, a prisoner possesses a liberty interest under the federal
constitution when a change occurs in confinement that imposes an
'atypical and significant hardship . . . in relation to the
ordinary incidents of prison life.'" <u>Resnick v. Hayes</u>, 213 F.3d
443, 448 (9th Cir. 2000) (citing <u>Sandin</u>, 515 U.S. at 484).
<u>Sandin</u>, however, explained that "[t]hese interests will be
generally limited to freedom from restraint . . . ." <u>Sandin</u>, 515
U.S. at 482 (internal citations omitted).

Becker complains that the process of assembling of information
to decide his placement was flawed.  Nevertheless, he has not
alleged facts supporting the existence of a protected liberty
interest.  The Complaint does not allege that he has been
transferred to another institution, and the allegations do not
support the conclusion that any transfer would be punitive.
Consequently, even if the Court assumes that a liberty interest is
at stake, the administrative gathering of information preceding a
decision to transfer Becker does not require the more extensive
procedural requirements imposed on disciplinary proceedings.
<u>Munoz v. Rowland</u>, 104 F.3d 1096, 1098 (9th Cir. 1997).  Finally,

18

1  Plaintiff's Complaint contains no facts indicating that the

2  incomplete collection of information about his enemies or

3  adversaries before recommending that Becker be transferred "imposes

4  an atypical and significant hardship on the inmate in relation to

5  the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

6      Neither the Constitution nor state laws and regulations create

7  a liberty interest that permits Becker to state a Fourteenth

8  Amendment procedural due process claim under the facts alleged

9  here.  His claim, therefore, must be analyzed under the provisions

10 of the Eighth Amendment.  The procedural due process claim is

11 **DISMISSED.**

12 **D.   Plaintiff's Eighth Amendment Claim**

13     Becker's Complaint alleges that Defendants were deliberately

14 indifferent to his safety, and thus subjected him to cruel and

15 unusual punishment under the Eighth Amendment, when Defendant

16 Alvarez recommended a prison transfer and, on August 1, 2007,

17 Defendant Cowan approved the transfer before documenting

18 Plaintiff's enemies in his central file and ensuring that he would

19 not be transferred to a facility housing those enemies.  (Compl. 3-

20 3b.)  Defendants move to dismiss this claim under Rule 12(b)(6) on

21 the ground that Plaintiff does not allege facts that would entitle

22 him to relief under § 1983.  (Defs.' Mem. of P. & A. Supp. Mot. to

23 Dismiss 6-9.)

24     Prison officials have a duty to protect inmates from violence

25 at the hands of other prisoners, and a violation of that duty can

26 constitute cruel and unusual punishment.  Farmer, 511 U.S. at 832-

27 33; Fitzharris v. Wolff, 702 F.2d 836, 839 (9th Cir. 1983).  In

28 order to establish liability under the Eighth Amendment for a

prison official's failure to protect an inmate from harm, the prisoner must establish that the official was deliberately indifferent to a substantial risk of serious harm to the inmate. Farmer, 511 U.S. at 828.  This is a two-part inquiry, consisting of an objective and a subjective component.  First, Plaintiff must establish a "sufficiently serious" risk of harm to his safety.  Id. at 834 (citations omitted).  Second, he must show that Defendants acted with deliberate indifference to his safety, meaning they were subjectively aware of the risk but failed to take reasonable measures to abate it.  Id. at 834, 837–38.

   1.   **Serious Risk of Harm to Plaintiff's Safety**

        Defendants assert that Becker has not alleged facts sufficient to establish the first element -- a significant risk of harm -- because the evidence shows his safety concerns have already been addressed.  (Defs.' Mem. of P. & A. Supp. Mot. to Dismiss 8.)  They claim that contrary to Plaintiff's assertions, his archive file has been reviewed and the enemies listed in it have been merged into his current file.  (Id.)  Thus, "there is no credible allegation that Becker will be transferred before his files are merged." (Id.)  "Becker will eventually be seen by the appropriate classification committee to review his transfer status based on the merged file."  (Id.)  Defendants therefore argue Plaintiff's allegation that he will be transferred to a facility that jeopardizes his personal safety is too speculative to meet the objective element of an Eighth Amendment violation.  (Id.)

        Plaintiff's Complaint alleges that he has many inmate enemies, some of which are currently housed at Donovan and some of which are housed in other prisons throughout California.  (Compl. 3-3b.)

Some of these inmates assaulted Becker in the past.  (<u>Id.</u> at 3b.)
He asserts that if he is placed in a prison population with any of
these known enemies, he is at a serious risk of being physically
harmed again.  (<u>Id.</u> at 3-3a.)  If the enemies are not properly
documented in his central file before he is transferred to a
different prison facility, Plaintiff claims that he will likely be
housed with inmates who are hostile towards him and likely to cause
him harm.  (<u>Id.</u>)

A substantial risk of being physically attacked, beaten, or
raped is sufficiently serious to satisfy the objective element of
an Eighth Amendment claim.  <u>See</u> <u>Farmer</u>, 511 U.S. at 832; <u>Schwenk v.
Hartford</u>, 204 F.3d 1187, 1197 (9th Cir. 2000).  In <u>Santiago v.
Lane</u>, 894 F.2d 218, 222-23 (7th Cir. 1990), the court reversed
summary judgment for the defendants under facts that are similar to
the allegations in Becker's Complaint.  In that case, the plaintiff
stated a deliberate indifference claim where he alleged that the
prison officials subjected him to harm by transferring him to
another prison without notifying the new facility that he was being
transferred for safety reasons and belonged to a class of inmates
that was at risk of attack.  (<u>Id.</u> at 223.)  Similarly here,
Plaintiff alleges that there are particular inmates who wish to
harm him and Defendants are exposing him to a substantial risk of
attack by recommending his transfer to another prison where he
would be placed in the general prison population with his enemies.
(Compl. 3.)

To meet the objective element of an Eighth Amendment claim,
however, Plaintiff must allege that he is <u>actually</u> at a substantial
risk of harm, not simply that he believes he is at risk.  <u>See</u> <u>Young</u>

v. Selk, 508 F.3d 868, 872 (8th Cir. 2007); Pinkston v. Madry, 440 F.3d 879, 889 (7th Cir. 2006) (stating that to establish a failure-to-protect claim, there must be a strong likelihood, rather than a mere possibility, that an inmate will be attacked). Defendants argue that Becker cannot meet this element because his allegations of risk of harm are not credible and are contradicted by the exhibits to his Complaint. (Defs.' Mem. of P. & A. 8.)

Exhibit H to Plaintiff's Complaint is the director's level appeal decision on his 602, dated August 7, 2007. (See Compl. Ex. H.) This document states that Becker's previous central file was ordered, and "[o]nce the file is received, the appellant's assigned Correctional Counselor I will review his information and merge the two files." (Compl. Ex. H at 1.) Subsequently, on September 21, 2007, Defendant Alvarez completed an "Archive File Review" form listing the inmate enemies and prior incidents of violence. (Defs.' Req. for Judicial Notice Supp. Mot. to Dismiss Ex. B at 1-2.) In his Declaration, the Custodian of Records for Donovan prison states that this document was placed in Becker's current central file. (Cobb Decl. Supp. Mot. to Dismiss ¶ 8.)

The fact that Defendant Alvarez has reviewed Becker's archive file, H-16467, and listed his inmate enemies from that file on an Archive File Review form makes Plaintiff's allegations of a substantial risk of harm less credible. The names of several inmate enemies are now included in his current central file, so they can be used in evaluating his forthcoming transfer. Contrary to Defendants' argument, however, this fact does not undermine all of Plaintiff's allegations concerning his risk of harm.

The Complaint alleges not only that Plaintiff is at substantial risk of harm because the enemies from his previous file were not integrated into his current file, but he also alleges that Defendants have failed to document <u>current</u> enemies that are hostile to him.  (Compl. 3a.)  Additionally, Plaintiff points out that many of the enemies listed on the Archive File Review form are not identified with their CDC numbers or current locations, but instead their names are listed with the notation "unable to I.D."  (<u>See</u> Pl.'s Opp'n 7; Compl. 3a; Defs.' Request for Judicial Notice Supp. Mot. to Dismiss Ex. B at 2.)  Becker contends that Defendants have a responsibility to determine the location of these inmates before transferring him because his enemies will attempt to harm him if he is transferred to the prison where any of them are housed.  (Compl. 3a.)  Plaintiff's allegations of a continuing risk that he will be placed in a prison population with known enemies are sufficiently serious to satisfy the objective element of an Eighth Amendment claim.

### 2.   <u>Deliberate Indifference</u>

Defendants also assert that Plaintiff's Complaint fails to state an Eighth Amendment claim because Becker does not plead sufficient facts to show that Cowan and Alvarez acted with deliberate indifference to his safety.  (Defs.' Mem. of P. & A. Supp. Mot. to Dismiss 8.)  They contend that the first and second level responses to Plaintiff's 602, attached as exhibit A to Defendants' Request for Judicial Notice, belie any claim that Defendants acted with deliberate indifference.  Instead, Defendants assert they responded appropriately to Becker's safety concerns by

ordering his archive file and assuring Plaintiff it would be merged with his current file before he was transferred. (<u>Id.</u> at 8-9.)

Deliberate indifference occurs if the prison official "knew that [the inmate] faced a substantial risk of serious harm and 'disregarded that risk by failing to take reasonable measures to abate it.'" <u>Hearns v. Terhune</u>, 413 F.3d 1036, 1042 (9th Cir. 2005) (quoting <u>Farmer</u>, 511 U.S. at 847). "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." <u>Farmer</u>, 511 U.S. at 830. The "requisite state of mind is akin to recklessness, which is 'more blameworthy than negligence,' yet less blameworthy than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmates." <u>Lenz v. Wade</u>, 490 F.3d 991 (8th Cir. 2007) (quoting <u>Farmer</u>, 511 U.S. at 835), <u>cert. denied</u>, 128 S. Ct. 504 (U.S. Oct. 29, 2007).

Plaintiff's Complaint alleges that Defendant Cowan, the acting Chief Deputy Warden, approved a recommendation that Becker be transferred from Donovan to another prison even though Cowan knew Plaintiff was at risk of being victimized by other inmates. (Compl. 3.) He further alleges that Cowan "deliberately shirked" his responsibility to ensure all enemies were properly documented in Becker's central file. (<u>Id.</u>) Defendant Cowan also failed to ensure that the enemies documented in Plaintiff's archived central file were incorporated in his new file, even though "Defendant knows that several more names of inmates are documented in Plaintiff's former central file #H-16467 that will cause harm to Plaintiff, and have already done so once before." (<u>Id.</u>)

1   Becker's Complaint asserts that Defendant Alvarez, a
2   Correctional Counselor, knows Plaintiff's safety is at risk due to
3   enemies currently known to him and enemies listed in his previous
4   central file.  (Compl. 3a.)  Alvarez is aware that Becker was
5   placed in administrative segregation at Donovan because he was a
6   safety risk and had many enemies there.  (<u>Id.</u> at 3b.)  Becker
7   contends that those enemies will also be transferred out of Donovan
8   to other facilities, yet Defendant prepared the paperwork to
9   transfer Plaintiff to another prison knowing that some of his
10  enemies may be transferred to the same place.  (<u>Id.</u>)  Becker
11  asserts that Alvarez was deliberately indifferent to his safety
12  because she recommended his transfer "knowing that Plaintiff will
13  arrive at the transfer and have no means to be able to substantiate
14  enemies and be forced to be placed in amongst inmate enemies, and
15  exposed to severe risk of harm."  (<u>Id.</u> at 3a.)

16      On the face of the Complaint, Becker appears to have properly
17  alleged that each of the Defendants acted with the requisite mental
18  state to assert a failure-to-protect claim.  But, as pointed out by
19  Defendants, the prison's response to Plaintiff's 602 undermines his
20  contentions.  (<u>See</u> Defs.' Mem. of P. & A. Supp. Mot. to Dismiss 8-
21  9.)

22      "In deciding a motion to dismiss pursuant to Rule 12(b)(6), a
23  court may look both to the complaint itself and to any documents
24  attached as exhibits to the complaint."  <u>Oxendine v. Kaplan</u>, 241
25  F.3d 1272, 1275 (10th Cir. 2001).  The decision at the director's
26  level of review, exhibit H to Plaintiff's Complaint [doc. no. 8],
27  summarizes the response that Plaintiff received to his 602 at the
28  second level of review:

The reviewer found that the appellant was informed that his Archive File was ordered and once it arrives, the information will be merged with his current C-File to address his enemy concerns and placement needs.  He was given a personal interview and issues were discussed.  At the time of the interview, the archive file had not been received.  The Correctional Case Supervisor for the Reception Center has submitted a subsequent request for the archive file in an attempt to expedite the receipt of the file.  Once the file is received, the appellant's assigned Correctional Counselor I will review his information and merge the two files.  The appellant's appeal is partially granted at the Second Level of Review (SLR), as he has received a personal interview, and a subsequent request for the archive file has been submitted.

(Compl. Ex. H at 1 [doc. no. 8]; see also Defs.' Req. for Judicial Notice Supp. Mot. to Dismiss Ex. A.)  Because the appeal was partially granted at the second level of review, and the archive file had not yet been received at the time of the director's-level review, Becker's appeal was denied at the director's level; no further action on Plaintiff's 602 was deemed necessary.  (Compl. Ex. H at 1.)

The response to Plaintiff's 602 makes clear that the prison officials ordered a copy of Becker's archive file on two different occasions for the purpose of integrating his listed enemies into his current file as soon as the archive file was received.  This does not, however, end the matter.  Becker maintains that inmate enemies were not listed on the CDC form.  (See Becker Decl. Supp. Opp'n to Mot. to Dismiss 1-2.)  Other inmate enemies were described on the archive file review sheet as "unable to ID."  (Id.)  In connection with this Motion, Defendants have not provided the Court with a completed "Notice of Critical Information -- Safety of Person" or "Notice of Critical Information -- Confidential

Informations," CDC 812 or CDC 812-C.[2]  (See Compl. Exs. A, B.)  The
sheet titled "Archive File Review," on its face, is incomplete.
The document does not explain why CDC form 812-C was not filled
out.  Furthermore, as a matter of law, the Court cannot conclude
that entries by Alvarez that she was unable to identify certain
inmates permit it to find that she was not deliberately indifferent
to Plaintiff's safety.  After all, deliberate indifference to
constitutional rights frequently cannot be decided on the
pleadings.  See Gibson v. County of Washoe, Nev., 290 F.3d 1175,
1194-95 (9th Cir. 2002).

     For example, in Hearns v. Terhune, 413 F.3d 1036, 1041-42 (9th
Cir. 2005), the Ninth Circuit held that the pro se plaintiff's
allegations that prison officials knew that Muslim inmates had
previously attacked Hearns, but he was left unsupervised with those
inmates were sufficient to "raise an inference that the prison
officials acted with deliberate indifference, or knew that Hearns
faced a substantial risk of serious harm and 'disregard[ed] that
risk by failing to take reasonable measures to abate it.'"  The
same rational applies here.  See, e.g., Berg v. Kincheloe, 794 F.2d
457 (9th Cir. 1986) (finding prima facie case of deliberate
indifference where inmate told prison official his life was in
danger if he went to his work assignment, but the official ignored
his complaint and sent him to work, where he was attacked).  Becker
was informed that his correctional counselor, Defendant Alvarez,
"will review his information and merge the two files."  The

---

[2] The Defendants have submitted a completed CDC 812 form in connection with
their opposition to Plaintiff's Motion for Preliminary Injunction.  (Cobb Decl.
Supp. Opp'n to Mot. for Prelim. Inj. Ex. A.)  Even if this exhibit is considered
in connection with the Motion to Dismiss, the result is the same.

1  adequacy of her actions cannot be decided on a motion to dismiss

2  for failure to state a claim.

3      "[P]rison officials who act reasonably cannot be found liable

4  under the Cruel and Unusual Punishments Clause." <u>Farmer</u>, 511 U.S.

5  at 845.  Nevertheless, Becker's Complaint sufficiently alleges that

6  Defendants have acted with deliberate indifference to his safety

7  needs.  The motion to dismiss pursuant to Federal Rule of Civil

8  Procedure 12(b)(6) is denied.  The Court finds that Plaintiff has

9  alleged enough facts to state a claim for relief that is "plausible

10  on its face." <u>Bell Atlantic Corp. v. Twombly</u>, __ U.S. at __, 127

11  S. Ct. at 1974.

12                        **IV. CONCLUSION**

13      For the reasons set forth above, with the exception of

14  Becker's due process claims, Defendants' Motion to Dismiss is

15  **DENIED**.  Plaintiff will not be permitted to pursue a due process

16  claim under the Fourteenth Amendment, but his Eighth Amendment

17  claim may go forward.

18      **IT IS SO ORDERED**.

19

20  DATE:  March 21, 2008              _Ruben Brooks_

21                                  _____
                                    RUBEN B. BROOKS

22  cc:  All Parties of Record      United States Magistrate Judge

23

24

25

26

27

28